Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiffs*
*Spin Master Ltd. and Spin Master, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER, INC., <br><br>*Plaintiffs*<br><br>v.<br><br>ACIPER, ADA TOYZ, AHAHOO, AHIROT, AILA STORE, COLORFULWORLD6, CONTROL FUTURE DIRECT, DEWEER, ELEMUSI, ETCBUYS, FINALBASEDIRECT, FLYGLOBAL, FREE TO FLY, FUNDOM, GOSEAR, GOTECHOD DIRECT, JEICY, JINRONG HE, JJS TOYS, JOYFUN, JOYJAM, JSCOUT, JZD-US, KINGBOT-US, LALAGO, LANKEE, LIBERTY TRADING GB, LYNEE TOYS, MAGNETICSPACE, MAYZO, MI.MENG15, MXTRADE, NAMIGE, NEIL-US, NEW-LOOK, REIMOTKON-US, ROOYA BABY DIRECT, SIKAYE TECH INC, SUUKAA, TABPOLE DIRECT, TAIYUANSHIXINGHUALINGQUWANGYAN JUNTIYUYONGPINGDIAN, TOCH DIRECT, TOTOLA TRADING INC, TOY CHEF, TSWA, TULAS, UM-S, UNIDARGON, V-BEST, WALSONTOP, WO FEI, YEYOJOY, YOUDI DIRECT AND YUANBO,<br><br>*Defendants* | **CIVIL ACTION No.: 19-cv-6949 (VSB)**<br><br>**DECLARATION OF BRIEANNE SCULLY AND ACCOMPANYING EXHIBITS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT JSCOUT'S MOTION TO DISSOLVE OR MODIFY THE *EX PARTE* TEMPORARY RESTRAINING ORDER** |

## **DECLARATION OF BRIEANNE SCULLY**

I, Brieanne Scully, hereby declare as follows:

1. I am an attorney with the law firm of Epstein Drangel LLP, located at 60 East 42nd Street, Suite 2520, New York, New York 10165 and represent Plaintiffs Spin Master Ltd. and Spin Master, Inc. in the above-referenced action. I make and submit this declaration in support of Plaintiffs' Opposition to Defendant Jscout's (hereinafter "Defendant" or "Jscout") Motion to Dissolve or Modify the *Ex Parte* TRO.[1]

2. On July 25, 2019, Plaintiffs brought this action and Plaintiffs moved *ex parte* against all Defendants for an order to seal file, a temporary restraining order, an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions, an order to show cause why a preliminary injunction should not issue, an order authorizing bifurcated and alternative service and an order authorizing expedited. (Dkts. 8, 10-11, 14-15.)

3. On the same day, July 25, 2019, the Hon. Vernon S. Broderick held a hearing on Plaintiffs' Application and thereafter on August 1, 2019, the Honorable Vernon S. Broderick entered the TRO. (Dkt. 19.)

4. On the same day, August 1, 2019, pursuant to the terms of the TRO, Plaintiffs served the TRO on the Third Party Service Providers and Financial Institutions.

5. On August 14, 2019, counsel for Amazon provided Plaintiffs' counsel with its initial expedited discovery, which included, *inter alia*, Defendants' frozen Amazon account balance. Based on the information provided by Amazon, Jscout's frozen Amazon account balance totals $20,340.57.

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary.

6. The TRO required that all Defendants, including Jscout, provide Plaintiffs with expedited discovery, including, but not limited to the complete sales records for any and all sales of Counterfeit Products, within fourteen (14) days of service. (Dkt. 19.)

7. To date, neither Plaintiffs nor Plaintiffs' counsel have received expedited discovery from Defendant Jscout as ordered in the TRO.

8. Accordingly, Plaintiffs' counsel conducted its own investigation in an attempt to determine the extent of Jscout's infringing activities.

9. I reviewed Jscout's Infringing Listing, which, to date, remains active on Amazon. I read through some reviews of customers who purchased Jscout's Counterfeit Product.

10. There appears to be 70+ low customer reviews with the main concern being quality. I came across two (2) reviews which were particularly concerning given the safety hazards of the Counterfeit Product. Screenshots of these two (2) customer reviews are attached hereto as **Exhibit A**.

11. Upon further review of the low customer reviews, it appears a representative for Defendant Jscout left a comment on the reviews and provided an email address (service@epochair.com) for which to correspond with Jscout further. An example of such a comment is attached hereto as **Exhibit B**.

12. I then searched on Google for "epochair.com", which led me to http://www.epochair.site/ ("Epoch Air Website"), where I discovered further listings for the Counterfeit Product. Screenshots of the additional listings for the Counterfeit Product are attached hereto as **Exhibit C**.

13. On the Epoch Air Website there is an address located in China: Longhuaxinqu, Longguanlu, Fulianxincun 3hao, Lianyoushangwudasha 1505, Shenzhen Guangdong, 51800 ("Epoch Air Address").

14. I then searched on Google for the Epoch Air Address, which led me to an Amazon UK Merchant Storefront with the name "Jscout-uk" and an address that matched the Epoch Air Address ("Jscout-UK Merchant Storefront"). A screenshot of the Jscout-UK Merchant Storefront is attached hereto as **Exhibit D**.

15. Based upon the above, it is my understanding and belief that Jscout owns and operates the Epoch Air Website and the Jscout-UK Merchant Storefront.

16. A search of "wall climber" on Amazon.com tenders a results page with a listing for the Counterfeit Product marked as an Amazon "best seller". A screenshot of the listing for the Counterfeit Product showing an Amazon "best seller" designation is attached hereto as **Exhibit E.**

17. On September 9, 2019, for purposes of this litigation and pursuant to the expedited discovery ordered in the TRO, Amazon provided Plaintiffs with supplemental expedited discovery, identifying, *inter alia*, Defendants' Infringing Listings, Merchant Storefront IDs, total number of sales of Counterfeit Products and gross sales ("Amazon's Supplemental Discovery").

18. It is my understanding and belief that Amazon's Supplemental Discovery is true and accurate.

19. Amazon's Supplemental Discovery shows that through the Infringing Listing with ASIN B07FKRY7CK, Jscout sold a minimum of 53,435 Counterfeit Products, with sales of the Counterfeit Product amounting to $1,289,903.65.

20. Prior to commencing this action, Epstein Drangel purchased Counterfeit Products from each and every Defendant, including Jscout.

21. Upon receipt of Jscout's Counterfeit Product, we confirmed that Jscout used the "WALL CLIMBER" mark.

I declare under the penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed on this 11th day of September 2019 in New York, New York.

By: _____
Brieanne Scully