```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SPIN MASTER, et al.,                                        :
                                                            :
                                    Plaintiffs,             :
                                                            :         19-CV-6949 (VSB)
                  -against-                                 :
                                                            :              ORDER
ACIPER, et al.,                                             :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On April 1, 2022, I entered an Opinion & Order granting in part and denying in part Defendant Jscout's motion to dismiss Plaintiffs' Second Amended Complaint filed against it. (Doc. 109 ("MTD Order").)[1] Among other things, I held that Plaintiffs' trademark-based claims against Jscout failed because Plaintiffs had failed to allege any legally relevant possibility of consumer confusion owing to Jscout's actions. (*See id.* at 11–12.) Specifically, I held that, because "Jscout's only use of anything resembling [Plaintiffs' protected marks]" was by "writing the phrase 'Wall Climber Car' on the manual that comes packaged with Jscout's product," no "consumer would see . . . this phrase until after purchasing and opening Jscout's product." (*Id.* at 12.)

On April 21, 2022, Plaintiffs filed papers seeking default judgment against the "Defaulting Defendants." (Docs. 119–122.)[2] According to Plaintiffs, in spite of having received

---

[1] A more fulsome account of this action's history and factual background is set forth in the MTD Order. Familiarity with the MTD Order will be presumed throughout this Order.

[2] "Defaulting Defendants" are listed in Plaintiffs' filings as Defendants ACIPER, Ada Toyz, AHIROT, AILA Store, Colorfulworld6, FinalBaseDirect, Flyglobal, GotechoD Direct, jinrong he, Joyfun, Joyjam, JZD-US, KINGBOT-US,

proper service, the Defaulting Defendants have failed to appear in this action. (*See* Futterman Aff. ¶¶ 13–18.)[3]

In recognition of the principle "that the relief against the defendants [should] be consistent," district courts may deny an application for default judgment against non-appearing defendants where "a complaint is dismissed against all other defendants." *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 414 (S.D.N.Y. 2009) (citations omitted), *aff'd*, 387 F. App'x 72 (2d Cir. 2010) ("Because the action was properly dismissed as to the appearing defendants, we cannot conclude that the district court abused its discretion in declining to enter default judgments against the non-appearing defendants." (citing *Davis v. Nat'l Mortgagee Corp.*, 349 F.2d 175, 178 (2d Cir. 1965)); *see, e.g.*, *Behrens v. JPMorgan Chase Bank N.A.*, 16-CV-5508 (VSB), 2021 WL 4134887, at *4 n.7 (S.D.N.Y. Sept. 9, 2021) ("In light of the March '19 Opinion, the SAC should be and hereby is dismissed against all Defendants, including the Non-Appearing Defendants, because the same legal deficiencies found in the March '19 Opinion leave Plaintiffs without 'any legally cognizable claim' in this action." (citations omitted)).

Here, given my ruling in the MTD Order dismissing Plaintiffs' trademark-based claims against Jscout for failure to plead consumer confusion, discussed *supra*, and given that Plaintiffs' only claims not dependent on trademark infringement were pleaded only against Jscout, not against any of the Defaulting Defendants, (*see* MTD Order 7), I do not have sufficient information before me to find the Defaulting Defendants liable. However, the MTD Order does

---

Lalago, lankee, Lynee toys, Mayzo, MXTRADE, namige, Neil-US, new-look, ROOYA BABY Direct, SUUKAA, taiyuanshixinghualingquwangyanjuntiyuyongpingdian, Toch Direct, TSWA, UM-S, UniDargon, Wo Fei, YEYOJOY and Youdi Direct. (*See, e.g.*, Doc. 121, at 7.)

[3] "Futterman Aff." refers to the Affidavit of Danielle (Yamali) Futterman in Support of Plaintiffs' Motion for Default Judgment. (Doc. 120.)

not foreclose trademark-based liability against the Defaulting Defendants; it merely calls into question whether Plaintiffs have pleaded sufficient facts to sustain their claims against the Defaulting Defendants. Indeed, although Plaintiffs filed a brief in support of their motion for default judgment, their argument about "consumer confusion" as to the "Defaulting Defendants" is made without any citation to the pleadings or any explanation of what in the Second Amended Complaint establishes any particular Defaulting Defendant's liability. (*See* DJ Mem. 7.)[4]

Additionally, Plaintiffs have filed insufficient proof of service of the Second Amended Complaint on each Defaulting Defendant. Although Plaintiffs aver that they served "each and every Defaulting Defendant" via "electronic service" as authorized by one of my orders in this action, (DJ Mem. 1 & n.3), the proof of this service Plaintiffs provide merely says that service was made "on each and every Defendant." (Futterman Aff. Ex. C. ¶ 8.) Plaintiffs do not identify any Defaulting Defendant by name or specify which authorized form of "electronic service" was used with respect to any Defaulting Defendant.

Accordingly, it is hereby

ORDERED that Plaintiffs' current motion for default judgment is DENIED without prejudice. By May 16, 2022, Plaintiffs shall file supplementary briefing in support of their application for default judgment. In it, Plaintiffs must explain, with regard to each Defaulting Defendant individually: (i) how that Defaulting Defendant was served; (ii) what portions of its Second Amended Complaint and the exhibits thereto establish that Defaulting Defendant's liability; and (ii) how a finding of that Defaulting Defendant's liability is not inconsistent with the MTD Order's ruling dismissing the trademark-based claims against Jscout. Plaintiffs should

---

[4] "DJ Mem." refers to Plaintiffs' Memorandum of Law in Support of Their Motion for Default Judgment. (Doc. 121.)

use pincites when citing to their pleadings so that I may readily verify that the pleadings give sufficient factual support for holding each Defaulting Defendant liable.

The Clerk of Court is respectfully directed to terminate the open motion at Document 119.

SO ORDERED.

Dated: April 28, 2022
      New York, New York

                                       Vernon S. Broderick
                                       United States District Judge