```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
 SPIN MASTER, et al.,                                       :
                                                            :
                              Plaintiffs,                   :
                                                            :           19-CV-6949 (VSB)
                   -against-                                :
                                                            :                 **ORDER**
 ACIPER, et al.,                                            :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On April 28, 2022, I entered an order directing Plaintiffs to file further briefing in connection with their application for default judgment against Defaulting Defendants (the "April 28 Order").[1]  (Doc. 125.)  Plaintiffs have now done so.  (Docs. 130–131.)  Having reviewed these materials, I find that Plaintiffs have resolved the issues raised in the April 28 Order as to all Defaulting Defendants save for Defaulting Defendants jirong he, Kingbot-US, and UniDargon.

Among other things, the April 28 Order explained that, in light of the MTD Order's holding that Plaintiffs had "fail[ed] to plead consumer confusion" as against Jscout, I needed more information to determine "whether Plaintiffs have pleaded sufficient facts to sustain their claims against the Defaulting Defendants."  (MTD Order 2–3.)  Plaintiffs filed materials including screenshots of Amazon webpages purporting to show how each of the Defaulting Defendants listed their products on Amazon.  (*See generally* Nastasi Aff. Ex. B.)[2]  This is

---

[1] Unless otherwise stated, capitalized terms in this Order have the same meanings used in the April 28 Order, (Doc. 125), and in my Opinion & Order of April 1, 2022 (the "MTD Order"), (Doc. 109).  Familiarity with those two orders will be presumed.

[2] "Nastasi Aff." refers to the Affidavit of Gabriela N. Nastasi and Accompanying Exhibits in Further Support of

1

because Plaintiffs' claims are premised on the notion that Defendants sell products on Amazon in a way that either uses the Racer Marks or is so "confusingly similar" that it is likely to mislead consumers in the course of making purchases on Amazon. (*See* SAC ¶ 39; *see also id.* ¶¶ 24–32.) The screenshots Plaintiffs filed often include highlighting of the portions of Defaulting Defendants' Amazon pages that give rise to infringement of the Racer Marks. (*See, e.g.*, Nastasi Aff Ex. B, at 384 (highlighting "Wall Climbing" in the top-line product description of the product sold by Defaulting Defendant UM-S).)

However, for jinrong he and Kingbot-US, the screenshots Plaintiffs filed are too blurry for me to read the portions Plaintiffs have highlighted, and thus they are too blurry for me to see how jinrong he and Kingbot-US may have infringed the Racer Marks. (*See id.* at 122–25, 186–88.) Additionally, for jinrong he only, Plaintiffs do not include in their affirmation any proof that jinrong he—which is believed to be a Chinese entity, (*see* SAC ¶¶ 26, 29)—has ever sold a relevant product in the United States. By contrast, Plaintiffs include photographs of the shipping labels and packaging used to send products from every other Defaulting Defendant to an address in New York as a part of a sales transaction. (*See generally* Nastasi Aff. Ex. B.) This is important because, on the record before me, I have no reason to believe that personal jurisdiction over jinrong he is proper in this District. *See Pearson Educ., Inc. v. ABC Books LLC*, 19-CV-7642 (RA), 2020 WL 3547217, at *6 (S.D.N.Y. June 30, 2020) ("personal jurisdiction may be established "when out-of-state defendants allegedly have sold copyright-infringing merchandise over the Internet to customers in New York." (quoting *Pearson Educ., Inc. v. Shi*, 525 F. Supp. 2d 551, 556 (S.D.N.Y. 2007)).

---

Plaintiffs' Motion for Default Judgment. (Doc. 131.)

With respect to UniDargon, Plaintiffs' filings do not include any indication of how UniDargon may have infringed the Racer Marks. The screenshots included for UniDargon contain no highlighting, and I do not see anything in the materials showing how UniDargon may have infringed the Racer Marks in a relevant manner. (*See id.* at 397–404.) Although Plaintiffs include photographs of UniDargon's product packaging—which does say "Wall Climber" in large letters, (*id.* at 407)—this alone cannot establish a "possibility of 'pre-sale confusion' or 'point of sale confusion'" in this case, (*contra* DJ Supp. Mem. 3).[3] In this case, Plaintiffs' allege that all Defaulting Defendants, including UniDargon, engage in conduct that allegedly infringes the Racer Marks by selling products "on Amazon," and "potentially" also on "additional online marketplace platforms." (SAC ¶ 29–30.) In other words, a consumer would never see UniDargon's product packaging on a shelf in a store or otherwise; the consumer only sees the packaging after buying the product.[4] Thus, Plaintiff has not provided any reason to believe that UniDargon's alleged conduct is consistent with the MTD Order's findings regarding relevant avenues of consumer confusion.

Accordingly, it is hereby

ORDERED that by May 20, 2022, Plaintiffs may file a further supplemental declaration with exhibits that alleviate the deficiencies explained above regarding Defaulting Defendants jinrong he, Kingbot-US, and UniDargon. It is further

ORDERED that, also by May 20, 2022, Plaintiffs must file a proposed Order to Show Cause for seeking default judgment as required by my Individual Rule 4(H). Plaintiffs must also

---

[3] "DJ Supp. Mem." refers to the Supplemental Memorandum of Law in Further Support of Plaintiffs' Motion for Default Judgment. (Doc. 130.)

[4] There is no indication that UniDargon includes screenshots of its product packaging on Amazon.

email a Word document version of the proposed Order to Show Cause to my chambers inbox at

BroderickNYSDChambers@nysd.uscourts.gov.

SO ORDERED.

Dated: May 17, 2022
      New York, New York

                                      Vernon S. Broderick
                                      United States District Judge