UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SPIN MASTER LTD. and SPIN MASTER, INC.,

*Plaintiffs*

v.

ACIPER, ADA TOYZ, AHAHOO, AHIROT, AILA STORE, COLORFULWORLD6, CONTROL FUTURE DIRECT, DEWEER, ELEMUSI, ETCBUYS, FINALBASEDIRECT, FLYGLOBAL, FREE TO FLY, FUNDOM, GOSEAR, GOTECHOD DIRECT, JEICY, JINRONG HE, JJS TOYS, JOYFUN, JOYJAM, JSCOUT, JZD-US, KINGBOT-US, LALAGO, LANKEE, LIBERTY TRADING GB, LYNEE TOYS, MAGNETICSPACE, MAYZO, MI.MENG15, MXTRADE, NAMIGE, NEIL-US, NEW-LOOK, REIMOTKON-US, ROOYA BABY DIRECT, SIKAYE TECH INC, SUUKAA, TABPOLE DIRECT, TAIYUANSHIXINGHUALINGQUWANGYANJUNTIYUYONGPINGDIAN, TOCH DIRECT, TOTOLA TRADING INC, TOY CHEF, TSWA, TULAS, UM-S, UNIDARGON, V-BEST, WALSONTOP, WO FEI, YEYOJOY, YOUDI DIRECT and YUANBO,

*Defendants*

19-CV-6949 (VSB)

**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER**

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiffs or Spin Master** | Spin Master Ltd. and Spin Master, Inc. | N/A |
| **Defendants** | ACIPER, Ada Toyz, AHAHOO, AHIROT, AILA Store, Colorfulworld6, Control Future Direct, DEWEER, Elemusi, ETCBUYS, FinalBaseDirect, Flyglobal, Free to Fly, FUNDOM, Gosear, GotechoD Direct, Jeicy, jinrong he, JJs Toys, Joyfun, Joyjam, Jscout, JZD-US, KINGBOT-US, Lalago, lankee, Liberty Trading GB, Lynee toys, Magneticspace, Mayzo, Mi.meng15, MXTRADE, namige, Neil-US, new-look, REIMOTKON-US, ROOYA BABY Direct, Sikaye tech Inc, SUUKAA, tabpole Direct, taiyuanshixinghualingquwangyanjuntiyuyongpingdian, Toch Direct, Totola Trading Inc, Toy Chef, TSWA, Tulas, UM-S, UniDargon, V-Best, Walsontop, Wo Fei, YEYOJOY, Youdi Direct and YuanBo | N/A |
| **Defaulting Defendants** | ACIPER, Ada Toyz, AHIROT, AILA Store, Colorfulworld6, FinalBaseDirect, Flyglobal, GotechoD Direct, jinrong he, Joyfun, Joyjam, JZD-US, KINGBOT-US, Lalago, lankee, Lynee toys, Mayzo, MXTRADE, namige, Neil-US, new-look, ROOYA BABY Direct, SUUKAA, taiyuanshixinghualingquwangyanjuntiyuyongpingdian, Toch Direct, TSWA, UM-S, UniDargon, Wo Fei, YEYOJOY and Youdi Direct | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on July 25, 2019 | 6 |
| **Complaint** | Plaintiffs' Complaint filed on July 25, 2019 | 8 |
| **Application** | Plaintiffs' *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order | 10-11, 14-15 |

i

| | | |
|---|---|---|
| | authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on July 25, 2019 | |
| **Harrs Dec.** | Declaration of Christopher Harrs in Support of Plaintiffs' Application | 10 |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiffs' Application | 15 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on August 1, 2019 | 19 |
| **PI Show Cause Hearing** | October 25, 2019 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | Preliminary Injunction Order entered on November 5, 2019 | 74 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Racer Product Marks** | U.S. Trademark Registration Numbers: 3,267,725 for "WALL CLIMBER" for goods in Class 28, with a constructive date of first use of May 27, 2005; and 3,210,297 for "ZERO GRAVITY" for goods in Class 28, with a constructive date of first use of June 23, 2005 | N/A |
| **Racer Products** | Plaintiffs' Air Hogs Zero Gravity Laser Racer, which features award-winning patented technology that permits the car to drive along the floor, up the walls, and even upside down | N/A |

| | | |
|---|---|---|
| **Counterfeit Products** | Products bearing or used in connection with the Racer Product Marks, and/or products in packaging and/or containing labels and/or hang tags and/or manuals bearing the Racer Product Marks, and/or bearing or used in connection with marks that are confusingly similar to the Racer Product Marks and/or products that are identical or confusingly similar to the Racer Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Amazon Discovery** | The supplemental report identifying Defendants' Infringing ASIN Number, Merchant Customer ID, Net Ordered Units, among other things, provided by counsel for Amazon to Plaintiff's counsel pursuant to the expedited discovery ordered in both the TRO and PI Order | N/A |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on April 14, 2022 | TBD |
| **Futterman Aff.** | Affidavit by Danielle (Yamali) Futterman in Support of Plaintiffs' Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiffs' Racer Product Marks without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

Having considered Plaintiffs' filings in support of Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, (Docs. 119–22, 130–31, 133), it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.   Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiffs on all claims properly pled against Defaulting Defendants in the Complaint;

## II.   Damages Awards

1) Damages will be determined after an inquest before the designated magistrate judge.

## III.   Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Racer Product Marks and/or marks that are confusingly to, identical to and constitute a counterfeiting and/or infringement of the Racer Product Marks;

B. directly or indirectly infringing in any manner Plaintiffs' Racer Product Marks;

C. using Plaintiffs' Racer Product Marks, or any other marks that are confusingly to the Racer Product Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

D. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

   ii. Defaulting Defendants' Assets; and

   iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

E. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution,

      display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the Racer Product Marks, or bear any marks that are confusingly similar to the Racer Product Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

    A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts; and

### IV.    Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiffs' judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V.    Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiffs' counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants'

Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Twenty-Five Thousand U.S. Dollar ($25,000.00) security bond that Plaintiffs submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this __5th__ day of ____July____, 2022.

_____
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE